```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
REGGIE ANDERS,                          :
                       Plaintiff,       :
             -v-                        :
                                        :      09 Civ. 8918 (DLC)
VERIZON SERVICES CORPORATION et al.,    :      10 Civ. 9189 (DLC)
                       Defendants.      :
                                        :      MEMORANDUM OPINION
----------------------------------------:          AND ORDER
                                        :
UNDERDOG TRUCKING, L.L.C.,              :
                       Plaintiff,       :
                                        :
             -v-                        :
                                        :
CELLCO PARTNERSHIP d/b/a VERIZON        :
WIRELESS,                               :
                       Defendant.       :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On June 20, 2011, an application for entry of an order for the admission of Edward B. Mendy ("Mendy") pro hac vice was filed in these two actions ("the Actions") on behalf of the plaintiffs. For the reasons described below, Mendy's application was denied in an Order dated June 30, 2011.

BACKGROUND

Both Reggie Anders ("Anders") and Underdog Trucking, L.L.C. ("Underdog") were previously represented in the Actions by counsel who notified the Court on April 14, 2011 that he had been discharged. In an Order dated April 14, this Court set

April 22 as the deadline for new counsel for Underdog to file notices of appearance in the Actions (the "April 14 Order"). Should no notice of appearance be filed by that date, it was ordered that the claims of Underdog would be dismissed. As that order described, Underdog, a corporation, must be represented by an attorney in federal court. Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997).

No notices of appearance were filed on behalf of plaintiffs by April 22, 2011. On April 26, Japeth Matemu ("Matemu") filed a notice of appearance on behalf of the plaintiffs in the 10 Civ. 9189 action (the "2010 Action"). At that point, no notices of appearance had been filed in the 09 Civ. 8918 action (the "2009 Action") on behalf of the plaintiffs. Therefore, in an Order dated May 4, Underdog's claims were dismissed from the 2009 Action.

On June 12, 2011, Matemu filed a motion to withdraw as counsel for both plaintiffs. On June 13, this Court received a letter from Mendy, who represented that he was also counsel for the plaintiffs and that he intended to file an application for admission pro hac vice. Mendy represented that he is knowledgeable about the case and would be able to represent the plaintiffs at the initial pretrial conference if it were postponed until he was able to file his motion. Therefore, in an Order dated June 14, this court granted Matemu's motion to

2

withdraw, and postponed the initial pretrial conference in the 2010 Action to July 1.  The June 14 Order also required that new counsel for Underdog file a notice of appearance by June 29 in the 2010 Action, or Underdog's claims in that action would be dismissed.

On June 20, 2011, Mendy filed his application for admission <u>pro hac vice</u> in the Actions.  On June 23, defendants Verizon Services Corp., Verizon Communications, Inc. and Cellco Partnership (the "Verizon Defendants") filed an opposition to this application.  Mendy submitted a response to that opposition on June 30.

DISCUSSION

Admission to the bar of one state or one federal district court does not entitle that attorney to practice law in any other jurisdiction.  <u>In re Rappaport</u>, 558 F.2d 87, 89 (2d Cir. 1977).  In the Southern District of New York, applications for admission <u>pro hac vice</u> must be accompanied by an affidavit by a sponsoring attorney who is admitted to practice before this Court.  <u>In re Procedures for Admission Pro Hac Vice</u>, No. M10-468 (S.D.N.Y. Oct. 25, 2006) ("Standing Order").  This affidavit must state that the applicant is of high moral character.  This District's sample form motion also suggests that the applicant attorney state in his or her application that "there are no

3

pending disciplinary proceedings against me in any state or federal court."  Southern District of New York, Sample Motion, http://www.nysd.uscourts.gov/forms/admissions/prohacvice/form_phv_motion.pdf.

Mendy's application does not conform to the formal requirements of a pro hac vice motion in this District. Matemu's affidavit fails to state that Mendy is of "high moral character."  Furthermore, Matemu did not sign the affidavit. When the Verizon Defendants questioned the authenticity of the signature, Mendy explained that he had actually signed the affidavit, albeit purportedly with authorization from Matemu. It is highly irregular for an attorney to sign an affidavit of another individual who is purporting to vouch for the fitness of that attorney to appear before a court.  But the fact that this irregularity was not disclosed on the affidavit itself is improper.

Mendy's application also does not state that there are no pending disciplinary proceedings against Mendy.  Indeed, the application could not have done so because, as the Verizon Defendants informed the Court, there is a pending disciplinary proceeding in which the Louisiana Attorney Disciplinary Board ("Board") issued a recommendation of sanctions on Mendy on October 11, 2010.  In re Edward Bissau Mendy, No. 09-DB-053 c/w 09-DB-073 (La. Att'y Disciplinary Bd. 2010).  The Board

4

recommended that Mendy be suspended from practice for one year and one day and to make restitution to a former client whose fee he has not fully refunded following discharge.  Id. at 13.  In reviewing Mendy's representation of several clients, the Board faulted him for failing to hold disputed funds in trust, failing to act with "reasonable diligence and promptness," and failing "to properly communicate with [his] client or provide competent representation."  Id. at 2-9.

In his response, Mendy argues that the complaints against him suffer from procedural defects, that the recommendation has not yet resulted in sanctions, and that if sanctions are to be ordered, they would likely not be levied until after the conclusion of the Actions.  But these arguments do not address the serious concerns that the Board recommendation raises.  First, neither Mendy nor Matemu, his sponsoring attorney, made any mention of the sanction proceedings in his application for admission pro hac vice.  Such non-disclosure raises questions about Mendy's willingness to be forthcoming with this Court.

Secondly, the issues raised by the Board -- especially working with "reasonable diligence and promptness" and failing "to properly communicate with [a] client or provide competent representation" -- are not attributes that would serve Underdog Trucking or Anders well in these actions.  This is especially true due to the complicated nature of the issues and procedural

5

posture in these actions, which have only been further complicated by the turnover of the plaintiffs' counsel of record.  Mendy has represented the plaintiffs at least since March 5, 2010, when he signed a proposed discovery plan on behalf of the plaintiffs in the 2009 Action -- although he has never filed notice of appearance in either of the Actions.  Thus, he is at least partly responsible for the unsettled nature of the plaintiffs' representation and the many delays there have been in complying with this Court's orders regarding filing notices of appearances.  This lack of diligence and promptness has already resulted in the dismissal of Underdog's claims from the 2009 Action.

    Finally, Mendy argues that should he be suspended during the course of the Actions, he would be able to substitute another attorney at his firm as counsel for the plaintiffs.  The availability of "back-up" counsel does not cure the deficiencies in Mendy's application.  Furthermore, even if substitute counsel were readily available in the event that Mendy is suspended, all parties are likely to be prejudiced by the delay that will be occasioned by the substitution.

CONCLUSION

For these reasons, the June 20 application by Mendy for admission pro hac vice in both Actions was denied in an order dated June 30, 2011.

Dated:   New York, New York
         July 6, 2011

                              _____
                                      DENISE COTE
                              United States District Judge

7