```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
REGGIE ANDERS,                           :
                       Plaintiff,        :    09 Civ. 8918 (DLC)
                                         :
             -v-                         :       MEMORANDUM
                                         :    OPINION AND ORDER
VERIZON SERVICES CORPORATION, et al.,    :
                                         :
                       Defendants.       :
                                         :
----------------------------------------X
```

Appearances:

For plaintiff:
Japheth Nthautha Matemu
5540 Centerview Drive, Suite 200
Raleigh, NC 27606

For defendants:
Raymond G. McGuire
Kristina C. Hammond
Kauff McGuire & Margolis LLP
950 Third Avenue, 14th Floor
New York, NY 10022

DENISE COTE, District Judge:

Plaintiff Reggie Anders ("Anders") brought this action against Verizon Services Corporation ("VSC") and Verizon Communications Inc. ("VCI," and together, the "Verizon Defendants"), for racial discrimination in violation of 42 U.S.C. § 1981. The Verizon Defendants have filed a motion for summary judgment. For the reasons stated below, the Verizon Defendants' motion is granted.

BACKGROUND

The facts alleged in the amended complaint in this case were described in the Opinion partially granting the Verizon Defendants' motion to dismiss on July 20, 2010, <u>Underdog Trucking, LLC & Anders v. Verizon Services Corp., et al.</u>, No. 09 Civ. 8918 (DLC), 2010 WL 2900048 (S.D.N.Y. July 20, 2010) (the "July 20 Opinion"), and familiarity with them is assumed for the purposes of this Opinion.  On March 27, 2007, Underdog Trucking, LLC ("Underdog"), formerly a plaintiff in this case, entered into a contract with VSC to provide trucking services (the "Contract").  VSC signed the Contract on April 3, 2007.  Anders is not a party to the Contract.  Although the Contract has a section providing that affiliates of VSC are beneficiaries of the Contract, in no part of the Contract is Anders named as a beneficiary.  The Contract contains a provision prohibiting Underdog from assigning its rights, obligations, or interests under the contract without VSC's prior written consent.

Anders and Underdog filed this action on October 21, 2009, and amended their complaint on April 23, 2010.  The Verizon Defendants filed a motion to dismiss the amended complaint on April 30; it was fully submitted on May 21.  The Verizon Defendants did not move to dismiss the § 1981 claims or breach of contract claim against VSC.  On July 20, the Verizon Defendants' motion to dismiss was granted in part, leaving only

the plaintiffs' § 1981 claims against the Verizon Defendants and Underdog's breach of contract claim against VSC.  Id.  The July 20 Opinion found that Anders did not have standing to allege a breach of contract by the Verizon Defendants because he was neither a party to nor a third-party beneficiary of the Contract.  Id. at ** 4-5.

On December 8, 2010, just after the close of fact discovery in this action, Underdog and Anders filed a second action under docket number 10 Civ. 9189 (the "2010 Action") bringing many of the same claims, but naming Cellco Partnership LLC d/b/a Verizon Wireless ("Cellco") in the place of the Verizon Defendants. This action was stayed in order to allow the 2010 Action to reach the discovery phase.

Until April 14, 2011, plaintiffs had been represented by Eduardo Diaz in both this action and the 2010 Action.  On that date, Mr. Diaz informed the Court that he had been discharged as counsel.  In an Order dated April 14, this Court set April 22 as the deadline for new counsel for the plaintiffs to file notices of appearance in the actions.  Should no notice of appearance be filed by that date, it was ordered that the claims of Underdog would be dismissed, pursuant to Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997) (holding that only a natural person may proceed in an action pro se; a corporation must be represented by an attorney in federal court).  No notices of appearance were

3

filed on behalf of the plaintiffs in this action by April 22. On May 4, no appearance having been filed on behalf of plaintiffs, Underdog's claims in this action were dismissed.  On June 3, Anders's current counsel, Japheth Matemu, filed a notice of appearance, purportedly on behalf of both Anders and Underdog.

An amended complaint was filed in the 2010 Action on February 18, and Cellco's motion to dismiss that amended complaint was granted in part in an Order dated June 14 and denied in part in an Order dated July 1.  In the June 14 Order, all of the claims of Anders in the 2010 Action were dismissed. In dismissing Anders' § 1981 claims, the June 14 Order noted that "only a party with rights under a contract may bring a § 1981 claim for improper discriminatory interference with that contract."  Domino's Pizza v. McDonald, 546 U.S. 470, 476-77 (2006).

After various changes in plaintiffs' counsel, a conference was held in both actions on July 29, 2011.  A schedule for summary judgment was set at the conference.  The Verizon Defendants filed their motion for summary judgment on October 14, and it was fully submitted November 11.

4

DISCUSSION

I.   Summary Judgment Standard

A motion for summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a); see El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010).  The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination, the court must view all facts in the light most favorable to the non-moving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); El Sayed, 627 F.3d at 933.  When the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must "set forth specific facts showing that there is a genuine issue for trial," and cannot "merely rest on the allegations or denials" contained in the pleadings.  Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  That is, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Only disputes over material facts -- facts that might affect the outcome of the suit under the governing law -- will properly preclude the entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 248 (1986); SCR Joint Venture L.P. v. Warshawsky, 559 F.3d 133, 137 (2d Cir. 2009).

II.  Anders's § 1981 Claims are Dismissed.

For the reasons described in the July 20 Opinion and the June 14 Order, Anders's § 1981 claims are dismissed.  As the Supreme Court articulated in Domino's Pizza,

> Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship.

Domino's Pizza, 546 U.S. at 476.  Anders has no rights under the Contract, as he is neither a party to the Contract nor a third-party beneficiary.

Anders does not contest the applicability of Domino's Pizza, but instead argues that he has rights under the Contract as a third-party beneficiary.  In the July 20 Opinion, Anders was found not to be a third-party beneficiary.  Anders does not set forth any specific facts showing that there is a genuine issue of material fact on this point or argue that reconsideration of the July 20 Opinion is warranted.  In fact, the opposition brief he filed in this case is almost identical to the one he filed in opposition to Cellco's motion to dismiss in the 2010 Action; it is even entitled "Memorandum in Opposition to Motion to Dismiss" and identifies the defendant as

6

Cellco, not the Verizon Defendants that are the parties to this action. His brief is therefore unresponsive to the arguments raised by the Verizon Defendants in their motion for summary judgment, and contains, in any case, arguments unavailing in the 2010 Action and unavailing here.

CONCLUSION

The Verizon Defendants' October 14 motion for summary judgment is granted. The Clerk of Court shall enter judgment for the defendants and close the case.

Dated:   New York, New York
         November 18, 2011

                                    _____
                                         DENISE COTE
                                    United States District Judge